UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF INTERSTATE HEATING, INC.<br><br>Plaintiff,<br><br>v.<br><br>FRANKENMUTH MUTUAL INSURANCE COMPANY,<br><br>Defendant. | **COMPLAINT**<br><br>Index No. _____<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 and the provisions of the Miller Act, 40 U.S.C. § 3133(b)(3)(B).

## VENUE

2. The contract at issue was to be performed and executed in Ontario County, New York. Venue therefore lies in the United States District Court for the Western District of New York pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 1391(b)(2)

## THE PARTIES

3. Interstate Heating, Inc. ("Interstate") is a New York corporation, organized and existing under the laws of the State of New York, with its principal place of business located at 2115 State Route 14, Geneva, NY 14456.

4. Upon information and belief, Frankenmuth Mutal Insurance Company ("Frankenmuth") is a Michigan corporation, organized and existing under the laws of the State of Michigan, with its principal address located at 1 Mutual Ave., Frankenmuth, MI 48787.

## STATEMENT OF FACTS

5. Upon information and belief, on or around, April 2023, Foxtrot Construction, Inc. ("Foxtrot") entered into a contract with the Department of Veteran Affairs (the "Prime

Contract") for a federal improvement project constituting renovations to Building 8 of the Canandaigua VA Medical Center, Project No. 528A5-17-531 (the "Project").

6.    Upon information and belief, on or around March 7, 2023, Foxtrot obtained a Miller Act payment bond (the "Bond") from Frankenmuth in the amount of $949,500.00 as required by the VA and under 40 U.S.C. § 3131, et seq. In the Bond, Frankenmuth agreed to be bound to make payment to all persons having direct relationship with Foxtrot or to any subcontractor of Foxtrot who furnished labor, material, or both in the prosecution of the work provided for in the Prime Contract in the event that Foxtrot failed to make prompt payment to such persons.

7.    Thereafter, on or around April 3, 2023, and in furtherance of its Prime Contract with the VA, Foxtrot entered into a written agreement with Interstate (the "Subcontract") whereby Interstate would furnish the necessary labor, materials and equipment to complete HVAC-related work contemplated in the Prime Contract.

8.    Interstate duly completed its work on or about February 12, 2024, all of which was furnished in the prosecution of the Project work provided for in the Subcontract and associated plans and specifications.

9.    Foxtrot has failed and refused to pay Interstate $129,741.28 representing the balance due under Interstate's Subcontract (excluding late fees and interest), and more than 90 days have elapsed since Foxtrot's failure to pay.

### FIRST CAUSE OF ACTION
Miller Act

10.    Interstate restates all allegations of this Complaint herein.

11.    Interstate has furnished labor and material in carrying out work provided for in the Prime Contract for which the Bond was furnished, and has not been paid in full within ninety days after it provided the last item of labor and material for the Project.

12. Therefore, Frankenmuth is obligated, pursuant to the Bond, to pay Interstate for the labor and material it furnished in the prosecution of the work provided for in the Subcontract for which Foxtrot failed to make payment.

13. Frankenmuth has failed to fulfill its obligation under the Bond to pay Interstate for the labor and material it furnished in the prosecution of the work provided for in the Subcontract, for which Foxtrot failed to make payment.

14. Interstate is therefore entitled to payment from Frankenmuth pursuant to the Miller Act, 40 U.S.C. § 3 133 and the terms of the Bond in the amount of $129,741.28, plus late fees and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Interstate Heating, Inc. sees the following relief:

1. Damages against Frankenmuth Mutual Insurance Company in an amount not less than $129,741.28 plus applicable interest, costs, and attorney's fees; and

2. Such other and further relief as the Court may deem just and proper.

Dated: May 30, 2024

INTERSTATE HEATING, INC

By its attorneys,

**GREGORY L. SILVERMAN ESQ. , PLLC**

_____
Gregory L. Silverman, Esq.
118 Genesee St.
Geneva, NY 14456
(585) 480-6686
greg@silverman-law.com