UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES FOR THE USE AND
BENEFIT OF INTERSTATE HEATING, INC.,

                Plaintiff,

    v.

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

                Defendant.

**ANSWER**

6:24-CV-06342 (EAW)

Defendant Frankenmuth Mutual Insurance Company (hereinafter "Frankenmuth"), by and through its attorneys, Adams Leclair, LLP, for its Answer to the Complaint of Use Plaintiff Interstate Heating, Inc. (hereinafter "Interstate"), states as follows:

1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "1" of the Complaint.

2.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "2" of the Complaint.

3.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "3" of the Complaint.

4.    With respect to the allegations contained in paragraph "4" of the Complaint, admits that Frankenmuth is an insurance company domiciled in Michigan, which is now known as "Frankenmuth Insurance Company," admits that Frankenmuth's principal address is 1 Mutual Avenue, Frankenmuth, MI 48787, and denies the remaining allegations paragraph "4" of the Complaint.

5.    Admits, upon information and belief, the allegations contained in paragraph

"5" of the Complaint.

6.     With respect to the allegations contained in paragraph "6" of the Complaint, admits that Frankenmuth issued a certain payment bond to Foxtrot Construction Inc. (hereinafter "Foxtrot"), and respectfully refers the Court to the referenced Bond and the Miller Act (40 U.S.C. § 3131 *et seq.*) for a statement of its terms, conditions, and legal effect, and denies the remaining allegations in paragraph "6" of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "7" of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "8" of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "9" of the Complaint.

### First Cause of Action – Miller Act

10.     Frankenmuth repeats and realleges its responses to paragraphs "1 through 9" as set forth fully and at length herein.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "11" of the Complaint.

12.     Denies the allegations contained in paragraph "12" of the Complaint.

13.     Denies the allegations contained in paragraph "13" of the Complaint.

14.     Denies the allegations contained in paragraph "14" of the Complaint.

15.     Denies any allegation not heretofore specifically admitted, denied or otherwise controverted.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

16.    Plaintiff's claims are barred, in whole or in part, because per the Subcontract, Plaintiff is obligated to arbitrate any dispute between Plaintiff and Foxtrot.

### SECOND AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to fully and/or properly perform its contractual obligations.

### THIRD AFFIRMATIVE DEFENSE

18.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

20.    Upon information and belief, this Court lacks subject matter jurisdiction over some or all Plaintiff's claims.

### SIXTH AFFIRMATIVE DEFENSE

21.    Plaintiff's claims are barred, in whole or in part, because, upon information and belief, some or all the damages sought by Plaintiff are not recoverable under the payment Bond.

### SEVENTH AFFIRMATIVE DEFENSE

22.    Plaintiff's claims are barred, in whole or in part, by the express and/or implied terms of any applicable contract.

## EIGHTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claims are barred, in whole or in part, by payment and release.

**WHEREFORE,** Defendant demands the dismissal with prejudice of Plaintiff's

Complaint, along with reasonable attorneys' fees, costs of suit, interest and any other relief

the Court deems just and proper.

Dated:    August 12, 2024
             Rochester, New York

**ADAMS LECLAIR LLP**

By:    /s/ *Theodore M. Baum*
        Theodore M. Baum, Esq.
        Ryan Lefkowitz, Esq.
        *Attorneys for Defendant Frankenmuth*
        *Mutual Insurance Company*
        1200 Bausch and Lomb Place
        Rochester, New York 14604
        Tel: (585) 327-4100
        E-mail: tbaum@adamsleclair.law
        E-mail: rlefkowitz@adamsleclair.law

TO:    Gregory L. Silverman, Esq.
       **GREGORY L. SILVERMAN, ESQ., PLLC**
       *Attorney for Use Plaintiff Interstate Heating, Inc.*
       118 Genesee Street
       Geneva, New York 14456
       Tel: (585) 480-6686
       E-mail: greg@silverman-law.com