UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES FOR THE USE AND
BENEFIT OF INTERSTATE HEATING, INC.,

        Plaintiff,

   v.

FRANKENMUTH MUTUAL INSURANCE
COMPANY,

        Defendant.

6:24-CV-06342 (EAW/MWP)

**DISCOVERY PLAN (PROPOSED)**

Pursuant to the Order of the Hon. Mark. W. Pedersen (Dkt. 11) referring the above case to the undersigned for pretrial procedures and the entry of a scheduling order as provided in Fed. R. Civ. P. Rule 16(b) and Local Rule 16.1(a), it is ORDERED that:

### Pre-Discovery

1. The names of the attorneys or parties who will appear at the Rule 16 conference are: Theodore M. Baum (tbaum@adamsleclair.law), Ryan Lefkowitz (rlefkowitz@adamsleclair.law), and Gregory L. Silverman (greg@silverman-law.com).

2. The parties met and conferred on September 5, 2024, as required by Rule 26(f), and it was attended by Theodore M. Baum, Ryan Lefkowitz, and Gregory L. Silverman.

3. Plaintiff alleges that it is entitled to payment for labor, materials, and equipment it furnished for a federal improvement project renovating Building 8 of the Canandaigua VA Medical Center. A Miller Act payment bond for the project was obtained from Defendant, and Plaintiff seeks payment for its outstanding balance from Defendant under the terms of the Bond. Defendant's principal, Foxtrot Construction, disputes the

amount claimed due by Plaintiff because Foxtrot Construction asserts that the work performed by Plaintiff was incomplete and/or defective, and arises from more than one subcontract.

4. No discovery has been exchanged prior to the Rule 16 conference.

5. The parties have discussed whether ESI will be produced and have determined an ESI protocol is not necessary at this time.

6. The parties have discussed the necessity of a protective order and have determined a protective order is not necessary at this time.

7. The parties do not consent to the jurisdiction of a magistrate judge.

### Phase 1 Discovery

8. Compliance with the mandatory initial disclosure requirements found in Rule 26(a)(1) of the Federal Rules of Civil Procedure will be accomplished by September 27, 2024.

9. In accordance with Section 2.1A of the Plan for Alternative Dispute Resolution, this case has been referred to mediation.

   a) The completion of preliminary discovery necessary for a settlement conference or mediation shall be accomplished by November 13, 2024.

   b) The parties shall confer and select a Mediator, confirm the Mediator's availability, ensure that the Mediator does not have a conflict with any of the parties in the case, and identify a date and time for the initial mediation session no later than October 15, 2024. The initial mediation session shall be held no later than December 20, 2024.

   c) The parties will file a stipulation confirming their selection on the form

provided by the Court no later than October 15, 2024

d) Motions to opt out of ADR shall be filed no later than October 1, 2024.

10. The Court shall be notified of any changes in the limitations on discovery as provided in Fed. R. Civ. P. 30 (depositions), Fed. R. Civ. P. 33 (interrogatories), and Fed. R. Civ. P. 34 (document requests) by October 1, 2025.

## Phase 2 Discovery

11. All motions to join other parties and to amend the pleadings shall be filed on or before November 14, 2024.

12. All fact discovery in this case shall conclude on May 8, 2025.

13. All motions to compel fact discovery shall be filed on or before May 8, 2025.

14. At this time, the parties do not anticipate retaining expert witnesses in this case. However, to the extent that either party does retain expert witnesses, Defendant shall identify any expert witnesses and provide reports pursuant to Fed. R. Civ. P. 26 by August 1, 2025. Plaintiff shall identify any expert witnesses and produce their report by September 5, 2025; and Defendant shall identify any rebuttal expert witnesses and produce their reports by October 6, 2025. Expert discovery shall close by October 30, 2025.

15. Dispositive motions, if any, shall be filed no later than December 18, 2025. Such motions shall be made returnable before Judge Wolford.

16. A jury trial is requested and the anticipated length is 3 days.

**SO ORDERED**.

DATED: _____
       Rochester, New York

                                      MARK W. PEDERSON,
                                      United States Magistrate Judge